IN THE UNITED STATES DISTRICT COURT

FOR THE WESTERN DISTRICT OF WISCONSIN

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

MAURICE JAMES SJOBLOM,
on behalf of himself and a class of employees
and/or former employees similarly situated,         OPINION AND ORDER

                      Plaintiff,                     3:07-cv-0451-bbc

    v.

CHARTER COMMUNICATIONS, LLC and
CHARTER COMMUNICATIONS (CCI),
INC. (Fict. Name), a/k/a CHARTER
COMMUNICATIONS, INC. (Corp. Name)

                      Defendants.

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

This is a civil action for monetary, declaratory and injunctive relief under the Fair Labor Standards Act, 29 U.S.C. §§ 201-219, and Wisconsin wage and hour laws, Wis. Stat. chs. 103 and 104 and §§ 109.01-109.11.  Before the court is plaintiff's expedited motion to compel discovery from defendant Charter Communications, LLC.  (Although plaintiff's motion refers to defendants, the evidence he submitted relates only to this defendant.) Plaintiff argues that he is entitled to the requested information under Fed. R. Civ. P. 26 and that he has made a good faith effort to resolve the dispute with defendant.  Because I agree that plaintiff is entitled to the requested information, his motion is granted with respect to

1

defendant Charter Communications, LLC. Under Rule 37(a)(4), defendant shall pay plaintiff reasonable attorneys' fees and costs for bringing the motion.

Before I address the parties' arguments, I will summarize the relevant allegations contained in the affidavits submitted in support of the motion to compel and the documents attached to the parties' briefs.

## ALLEGATIONS OF FACT

Plaintiff served defendant Charter Communications, LLC with a first set of interrogatories, first request for production of documents and first request for admissions on November 2, 2007. Among other things, plaintiff asked defendant to identify and produce documents related to putative federal class members and individuals with the most knowledge of the compensation and time-keeping policies regarding putative class members.

Defendant's responses were due on December 1, 2007, but plaintiff agreed that defendant could have until December 12, 2007 to respond to the discovery requests on the condition that they provide "substantive answers (not a bunch of objections)." Dkt. # 162, Exh. B. Defendant responded on December 12, 2007, stating the following (or something substantially similar) with regard to many of the discovery requests: "Charter objects . . . on the grounds that it is overbroad, unduly burdensome, and neither relevant nor reasonably calculated to lead to the discovery of admissible evidence to the extent it seeks information

2

about employees other than the Plaintiff. Plaintiff has not yet received authorization from the Court to proceed with the instant action as a collective action, and unless and until such permission is granted by the Court, any request for information regarding other employees is premature." Id. at 24-63, Exh. B.

In a letter to defense counsel dated December 20, 2007, plaintiff's attorney Timothy Edwards proposed limiting the scope of one interrogatory, withdrawing one request for production of documents and granting defendants another few weeks to respond to the discovery requests. Dkt. # 159 at 64-65. Defendants' attorney Bradley Strawn responded in a December 21, 2007 letter, declining to waive the objections and arguing that the court's December 19, 2007 order did not authorize "broad discovery into matters unrelated to the party Plaintiffs' claims." Id. at 67-68. Specifically, Strawn stated that the court "denied conditional certification of a class" and defendants did not read the order "as requiring or authorizing discovery beyond the party Plaintiffs' individual circumstances." Id. at 67.

## DISCUSSION

Under Fed. R. Civ. P. 26(b)(1), parties may obtain discovery regarding any nonprivileged matter that is relevant to any parties' claim or defense, and for good cause, the court may order discovery of any matter relevant to the subject matter involved in the action. Defendant argues that information and documents related to prospective plaintiffs

3

are not relevant at the pre-certification stage. In support, defendant cites cases in which district courts have refused to allow discovery regarding putative class members prior to conditionally certifying a collective action. See West v. Border Foods, Inc., 2006 WL 1892527, at *9 n. 6 (D. Minn. Jul. 10, 2006) (denying motion to compel discovery because conditional certification denied); Barton v. The Pantry, Inc., No. 1:04-CV-00748, 2006 WL 2568462, *2 (M.D.N.C. Aug. 31, 2006) (requiring defendants to produce names of putative class members only after ruling on conditional certification final); Crawford v. Dothan City Board of Education, 214 F.R.D. 694, 695 (M.D. Ala. 2003) (holding discovery premature); Tracy v. Dean Witter Reynolds, Inc., 185 F.R.D. 303, 312-13 (D. Colo. 1998) (plaintiffs' evidence of FLSA violation failed to show that "circumstances are sufficiently suspicious" to justify national discovery); Severtson v. Phillips Beverage Company, 137 F.R.D. 264, 267 (D. Minn. 1991) (denying discovery of putative class members' names and addresses because plaintiffs had not shown factual basis for class claims, but noting that such discovery possible if there was reason for it other than sending notice to potential plaintiffs).

Although I agree that the court has discretion to deny discovery relating to putative class members, some discovery is necessary prior to conditional certification. Tracy, 185 F.R.D. at 304; see also Woods v. New York Life Insurance Company, 686 F.2d 578, 581 (7th Cir. 1982) ("there will be cases in which a plaintiff can properly use the discovery process to compel the employer to give him detailed information regarding other employees,

4

potential joiners in the action"). Consistent with Hoffman-La Roche Inc. v. Sperling, 493 U.S. 165, 170 (1989) (allowing discovery of names and addresses of other employees at beginning of case), many courts have permitted the discovery of names and addresses of similarly situated employees, see, e.g., Titre v. S.W. Bach & Company, No. 05-80077, 2005 WL 1692508, at *2 (S.D. Fla. Jul. 20, 2005) (holding information on similarly situated employees relevant for variety of reasons prior to conditional certification); Hammond v. Lowe's Home Centers, Inc., 216 F.R.D. 666, 671 (D. Kan. 2003) ("provisional certification is not necessarily a prerequisite for conducting limited discovery necessary for defining the proposed class"); Bailey v. Ameriquest Mortgage Company, No. Civ. 01-545, 2002 WL 100388, at *2 (D. Minn. Jan. 23, 2002) (noting that Court in Hoffman first ruled that proper to produce list of co-workers and then turned to similarly situated analysis); Kane v. Gage Merch. Servs., Inc., 138 F. Supp. 2d 212, (D. Mass. 2001) (simultaneously ordering discovery and notice to putative class). Joseph Tilson and Jeremy Glenn, The FLSA: Emerging Trends in Wage and Hour Litigation in 746 Practicing Law Institute, Litigation and Administrative Practice Course Handbook Series 571, 646-47 (2006). In this case, the court has reserved ruling on conditional certification until plaintiff has had the opportunity to produce further evidence that he is similarly situated to other employees of defendant nationwide. The identity of defendant's employees and employment practices related to those employees are reasonably likely to yield support for plaintiff's class allegations. Tracy,

5

185 F.R.D. at 312. It also is information that plaintiff cannot easily obtain on his own. Accordingly, I find the discovery requests relevant to plaintiff's federal class claims.

Fed. R. Civ. P. 37(a)(2)(B) requires that before seeking a motion to compel, the party seeking discovery must certify that they have in "good faith conferred or attempted to confer with the person or party failing to make the discovery in an effort to secure the information or material without court action." Because plaintiff has made this showing, I am granting the motion to compel. Accordingly, pursuant to Fed. R. Civ. P. 37(a)(4), defendants also must pay reasonable attorney fees and costs incurred by plaintiff in bringing the motion.

Given the above findings, it is not necessary to address the parties' arguments related to whether defendant agreed to waive its right to object to the discovery requests. See dkt. #158 at 12; dkt. #162 at 7-9. Further, because I agree with defendant that plaintiff's arguments related to the Portal-to-Portal Act seem more directed at the motion for conditional certification than the instant motion, I have not considered them. See dkt. # 158 at 4-9. Finally, I note that in responding to plaintiff's discovery requests, defendant made the familiar litany of general objections, including that the requests were burdensome. Defendant must demonstrate specifically how the requests are burdensome. Fed. R. Civ. P. 33(b)(4). Because defendant has not done so, I am not sustaining those general objections in this order.

6

ORDER

IT IS ORDERED that plaintiff's motion to compel discovery is GRANTED. Defendants must serve full and complete responses to plaintiff's discovery requests not later than noon on January 10, 2008. Plaintiff has until January 11, 2008 to submit an itemization of expenses incurred in presenting his motion. Defendants have until January 17, 2008 by which to object to the reasonableness of the claimed expenses.

Entered this 4th day of January, 2008.

BY THE COURT:

/s/

BARBARA B. CRABB
District Judge