IN THE UNITED STATES DISTRICT COURT

FOR THE WESTERN DISTRICT OF WISCONSIN

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

MAURICE JAMES SJOBLOM,
on behalf of himself and a class of employees
and/or former employees similarly situated,                                ORDER

                Plaintiff,                                3:07-cv-00451-bbc

    v.

CHARTER COMMUNICATIONS, LLC,
CHARTER COMMUNICATIONS (CCI),
INC. and CHARTER COMMUNICATIONS,
INC.

                Defendants.

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

      Before the court is plaintiff's itemization of costs and fees incurred in bringing his motion to compel defendant Charter Communications, LLC to respond to his discovery requests. Dkt. # 171. Defendant objects to paying the $9,052.42 sought by plaintiff on the ground that it unreasonably includes the hours of six attorneys and time unrelated to the motion to compel. Dkt. # 181. Because I agree that some of plaintiff's attorneys' itemized fees are unreasonable, I am awarding plaintiff only $6,742.42 in fees and costs.

      Defendant contends that it was unnecessary for six attorneys to prepare plaintiff's motion to compel and that only fees for the 11.5 hours incurred by Timothy Edwards should

1

be awarded. At a minimum, defendant asserts that fees should not be awarded for the extensive arguments (five pages) made by plaintiff's counsel concerning the Portal to Portal Act because the court did not consider them. Defendant also contends that time recorded by Michael Luebke, Eric Haag and Daniel McCalvanah of Gingras, Cates & Luebke for a December 18, 2007 and a January 4, 2008 teleconference was excessive because neither conference focused solely on the motion to compel.

Although it may seem excessive to have six attorneys work on a simple motion to compel, it is commonplace in complex litigation and I will not second guess the practice. However, I agree that the time spent on drafting extensive arguments concerning the Portal to Portal Act was not reasonable and should not be compensated. Although I do not expect to find all of plaintiff's arguments persuasive, this section of the brief seemed to be an attempt by plaintiff to further argue the merits of conditional certification. I will reduce plaintiff's fee award by $1,350.00 for the 4.5 hours incurred by Leslie Sammon in drafting the brief section regarding the "merits" for the motion to compel. See dkt. # 174. (I note that Edwards incurred up to 11.5 hours researching and drafting the motion and supporting brief as they related to discovery at the precertification stage of a class action. See dkt. # 173.)

By their own admissions, the Gingras, Cates & Luebke lawyers spent only .7 hours of the December 18, 2007 teleconference discussing defendants' incomplete discovery

responses and the motion to compel. Dkt. ## 175-77. Therefore, plaintiff's fee award is further reduced by $640.00 (.8 hours for each lawyer). Finally, the purpose of the January 4, 2008 teleconference with the magistrate judge was to discuss defendants' motion for a protective order regarding plaintiff's Rule 30(b)(6) deposition notice. Although the motion to compel was mentioned during that conference, it is not reasonable to compensate plaintiff's attorneys for time that they would have spent discussing a separate motion in any event. Plaintiff will not be compensated for the .4 hours (or $320.00) incurred by the Gingras, Cates & Luebke lawyers for participating in the January teleconference. (The Axley Brynelson lawyers did not claim any time for that teleconference.)

Subtracting $1,350.00, $640.00 and $320.00 from plaintiff's request of $9,052.42, I find that plaintiff is entitled to an award of $6,742.42 for reasonable fees and costs incurred in bringing the motion to compel.

ORDER

IT IS ORDERED that pursuant to Fed. R. Civ. P. 37(a)(4), defendant Charter Communications, LLC shall pay plaintiff's attorneys $6,742.42 for reasonable fees and costs

incurred in bringing the motion to compel no later than February 28, 2008.

Entered this 28th day of January, 2008.

                                        BY THE COURT:
                                        /s/
                                        BARBARA B. CRABB
                                        District Judge