IN THE UNITED STATES DISTRICT COURT

FOR THE WESTERN DISTRICT OF WISCONSIN

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

MAURICE JAMES SJOBLOM,
on behalf of himself and a class of employees
and/or former employees similarly situated,            ORDER

               Plaintiff,            3:07-cv-0451-bbc

    v.

CHARTER COMMUNICATIONS, LLC,
CHARTER COMMUNICATIONS (CCI),
INC. and CHARTER COMMUNICATIONS,
INC.

               Defendants.

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

On January 11, 2008, this court held a telephonic hearing at the request of defendants to address their concerns about plaintiff's alleged conduct and statements in the workplace. At the hearing, defendants claimed that plaintiff told co-workers that he knew what their wages were from information obtained through his attorneys and that he would bring a list of Charter employees' salaries to work the following day. In a written order entered the same day as the hearing, the court reserved ruling and permitted the parties to brief the matter. Dkt. # 179.

1

In his brief, plaintiff denies making the alleged statements. He also asserts that defendants did not raise any legitimate concerns about his conduct in the workplace, arguing that the wage rates of several Charter employees were included in documents filed in this court and are publicly available. In the interest of resolving the matter, plaintiff has proposed that if he is questioned about the lawsuit at work, he will respond with "I cannot comment on the pending lawsuit." Plaintiff also asks that if a collective action is conditionally certified, he be able to refer inquiries from co-workers to his counsel. Dkt. # 180.

Defendants explain in their written response that an employee complained to a supervisor that plaintiff had been discussing how much certain employees were paid and the comparative wage rates of various positions. Given the court's December 26, 2007 protective order, defendants ask that they be allowed to investigate this matter and respond to their employees' concerns about wage rates. They object to plaintiff's proposed "no comment" response insofar as it does not address plaintiff's affirmatively approaching co-workers.

At this point, there are no facts of record from which the court can make any findings. Given only unsupported allegations, it is impossible for the court to rule or comment on plaintiff's actions or statements. However, regardless whether plaintiff acted inappropriately, it is reasonable for defendants to ask plaintiff not to discuss the pending lawsuit with his co-

2

workers on work time.  Therefore, plaintiff is instructed not to talk about the lawsuit at the workplace or during work hours.  If plaintiff is asked about the lawsuit, plaintiff must respond with either "I cannot comment on the pending lawsuit" or "I cannot talk about the lawsuit at the workplace or during work hours."  Plaintiff is permitted to refer inquiries from co-workers to his counsel.

Defendants are permitted to investigate what statements, if any, were made by plaintiff and respond to their employees' questions concerning comparative wage rates. However, in doing so, defendants shall not raise the issue of plaintiff's legal claims or represent Charter's position with respect to those claims.  Defendants' motion for clarification of the protective order and proposed responses to sample questions are addressed in a separate order.

ORDER

IT IS ORDERED that:

1.  Plaintiff shall not talk about the lawsuit at the workplace or during work hours.  If plaintiff is asked about the lawsuit, plaintiff must respond with either "I cannot comment on the pending lawsuit" or "I cannot talk about the lawsuit at the workplace or during work hours."  Plaintiff is permitted to refer inquiries from co-workers to his counsel; and

Case: 3:07-cv-00451-bbc Document #: 186 Filed: 01/29/08 Page 4 of 4

2. Defendants are permitted to investigate what statements, if any, were made by plaintiff and respond to their employees' questions concerning comparative wage rates. However, in doing so, defendants shall not raise the issue of plaintiff's legal claims or represent Charter's position with respect to those claims.

Entered this 29th day of January, 2008.

BY THE COURT:
/s/
BARBARA B. CRABB
District Judge

4