IN THE UNITED STATES DISTRICT COURT

FOR THE WESTERN DISTRICT OF WISCONSIN

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

MAURICE JAMES SJOBLOM,
on behalf of himself and a class of employees
and/or former employees similarly situated,

                 Plaintiff,                 ORDER

   v.

                                       07-cv-451-bbc

CHARTER COMMUNICATIONS, LLC and
CHARTER COMMUNICATIONS (CCI),
INC. (fictional name), a/k/a CHARTER
COMMUNICATIONS, INC. (corporate
name)

                 Defendants.

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

Plaintiff has moved for conditional certification of an opt-in nationwide collective action under the Fair Labor Standards Act on behalf of himself and similarly situated current and former employees of defendants. See 29 U.S.C. § 216(b). Pursuant to this court's order entered on February 21, 2008, a hearing was held on February 28, 2008 to resolve any outstanding issues related to the proposed notice to potential class members. After hearing the parties' arguments, I have made revisions to the documents submitted by the parties prior to the hearing.

Attached are my drafts of a notice to potential class members, special notice to Charter employees who were interviewed on October 16 and 17, 2007 and consent to join collective action. I am requesting that the parties review the attached documents to insure that they accurately reflect the decisions made by the parties and the court at the hearing. The parties will have until noon on Tuesday, March 4, 2008 in which to respond. Comments should be limited to corrections based on the parties' agreement or the court's rulings at the hearing.

## ORDER

IT IS ORDERED that the parties will have until noon on March 4, 2008 to review and comment on the proposed notice to potential class members, special notice and consent form.

Entered this 29th day of February, 2008.

BY THE COURT:

/s/

BARBARA B. CRABB
District Judge

# Important Notice to Potential Class Members

To: All Current and Former Broadband Technician I; Broadband Technician II; Broadband Technician III; Sr. Broadband Technician; Broadband Technician V - Lead; System Technician I; System Technician II; Sr. System Technician; System Technician - Lead (otherwise known as Service Technician, Installer or Installer Repair Technician) and Equivalent Positions Employed by Charter Communications Since March 14, 2005 Who Have Been Assigned a Company Vehicle and Took the Assigned Company Vehicle Home Overnight On One or More Occasions.

From: Robert J. Gingras, Esq. and Michael J. Modl, Esq.

Re: Fair Labor Standards Act Claims Against Charter Communications, LLC and Charter Communications, Inc.

### 1. Purpose of Notice

This Notice is to inform you about a lawsuit in which you are potentially eligible to participate; how your rights under the Fair Labor Standards Act ("FLSA") may be affected by this lawsuit; and to inform you of how to join in this lawsuit, should you choose to do so. You have been sent this Notice because there is reason to believe that sometime during the period from March 14, 2005 to the present you were employed by Charter Communications as a Broadband Technician I; Broadband Technician II; Broadband Technician III; Sr. Broadband Technician; Broadband Technician V - Lead; System Technician I; System Technician II; Sr. System Technician; and System Technician - Lead (otherwise known as Service Technician, Installer or Installer Repair Technician) and you were assigned a company vehicle which you took home overnight on one or more occasions. Thus, if you presently or have previously worked in one of these positions, you may be "similarly situated" to the plaintiff and may participate in this lawsuit if you timely opt in and consent to join this action.

Please note that this Notice is only for the purpose of determining the identity of those persons who wish to be involved in this action. This Notice does not mean that you have a valid claim or that you are entitled to any monetary recovery. Any such determination must still be made by the court.

## 2. Description of the Lawsuit

A lawsuit has been brought by Maurice Sjoblom ("plaintiff") against Charter Communications, LLC and Charter Communications, Inc. (collectively referred to as "defendants") in the United States District Court for the Western District of Wisconsin (Case No. 07-cv-0451-bbc). The lawsuit alleges that defendants violated the Fair Labor Standards Act (FLSA) by failing to pay wages and/or overtime compensation to Mr. Sjoblom and other allegedly similarly situated Broadband Technician I; Broadband Technician II; Broadband Technician III; Sr. Broadband Technician; Broadband Technician V - Lead; System Technician I; System Technician II; Sr. System Technician; and System Technician - Lead (otherwise known as Service Technician, Installer or Installer Repair Technician) employed by Charter Communications since March 14, 2005 and who were assigned a company vehicle and took this vehicle home overnight on one or more occasions. Defendants deny plaintiff's allegations that they violated the FLSA and contend that they properly compensated employees for all compensable working time.

The FLSA requires that an employer pay both wages and overtime compensation for all work-related activities that are compensable under federal law. In terms of overtime, the FLSA requires that for all hours over forty per week that an employee works, the employer must compensate the employee at the rate of one-and-one-half times his or her regular hourly rate, subject to certain exceptions. Plaintiff is suing to recover wages and overtime compensation for the period from August 15, 2004 to the present and for similarly situated individuals for the period from March 14, 2005 to the present, including liquidated damages, costs, and attorneys' fees.

## 3. Who is Sending this Notice

We are the lawyers representing Maurice Sjoblom and other potential class members who timely consent to join this lawsuit. We are from the law firms of Gingras, Cates & Luebke, S.C. and Axley Brynelson, LLP. We prepared and sent this Notice to you. Although the judge in this case allowed us to send you this Notice, the judge has expressed no opinion about Mr. Sjoblom's claims, Charter Communications' defenses or whether Mr. Sjoblom or any other Charter employees are entitled to recover any monies in this action.

### 4. Your Right to Participate in This Suit

If you believe that Charter has failed to properly compensate you with either wages or overtime compensation, you have the right to participate in this lawsuit. To do this, you must sign, date, and mail the attached Consent to Become Party Plaintiff form to plaintiff's attorney (see Section 5 below). It is entirely your own decision whether to participate in this lawsuit. You are not required to take any action unless you so desire, and **you are not required to pay any money to participate**.

### 5. How and When to Join This Suit

Enclosed you will find a Consent to Become Party Plaintiff Form ("Consent Form"). If you choose to join this lawsuit, and thus participate in any recovery that may result from this lawsuit, it is **extremely important** that you read, sign, and return the Consent Form. The Consent Form is pre-addressed and postage-paid for your convenience. Should the enclosed form become lost or misplaced, please contact plaintiff's lawyers listed on page two of this Notice.

The signed Consent Form must be postmarked by _____. **If your signed Consent Form is not postmarked by _____, you will not participate in any recovery obtained against defendants in this lawsuit**.

It also is <u>very important</u> that you return the Consent Form <u>as early as possible</u> because the statute of limitations clock is running as to how far back you may be eligible for unpaid wages and overtime compensation. Thus, if you decide to join the lawsuit, the longer you take to return the form, the more likely it is that the amount of your potential recovery will be reduced, <u>especially if you no longer work for Charter</u>.

If you have any questions about filling out or sending in the Consent Form, you may contact plaintiff's lawyers listed on page two of this Notice.

### 6. Retaliation Prohibited

5

**The law prohibits anyone, including your employer, from discriminating or retaliating against you for taking part in this case or because you have exercised your rights under the Fair Labor Standards Act.**

### 7.  Effect of Joining This Suit

If you choose to join in this lawsuit, you will be bound by the judgment, whether it is favorable or unfavorable.  You will also be bound by - and may share in - any settlement that may be reached on behalf of the class.  You also may be required to cooperate in discovery and may be required to respond to written questions, sit for depositions or testify in court.

By joining this lawsuit, you designate Maurice Sjoblom, the representative plaintiff, as your agent to make decisions on your behalf concerning the litigation, the method and manner of conducting this litigation, the entering of a settlement agreement, the entering of an agreement with plaintiff's lawyers concerning fees and costs, and all other matters pertaining to this lawsuit.  The decisions and agreements made and entered into by Maurice Sjoblom will be binding on you if you join this lawsuit.

The representative plaintiff in this matter, Maurice Sjoblom, has entered into a contingency fee agreement with plaintiff's lawyers, which means that if there is no recovery, there will be no attorneys fees or costs chargeable to you from plaintiff's lawyers.  If there is a recovery, plaintiff's lawyers will receive a part of any settlement obtained or money judgment entered in favor of all members of the class.

### 8.  No Legal Effect in Not Joining This Suit

If you choose not to join this lawsuit, you will not be affected by any judgment or settlement of the Fair Labor Standards Act claims in this case, whether favorable or unfavorable to the class.  You will not be entitled to share any amounts recovered by the class. You will be free to file your own lawsuit, if you wish to do so.

### 9.  Right to Consult With Us

If you want to talk with us about this lawsuit, please feel free to call, write or e-mail us from your personal (not work) e-mail account during non-working time:

| | |
|---|---|
| Atty. Robert J. Gingras | Atty. Michael J. Modl |
| GINGRAS, CATES & LUEBKE, S.C. | AXLEY BRYNELSON, LLP |
| 8150 Excelsior Drive | 2 East Mifflin Street |
| Madison, WI 53717 | Madison, WI 53703 |
| Tel: (608) 833-2632 | Tel: (800) 368-5661 |
| Fax: (608) 833-2874 | Fax: (608) 257-5444 |
| E-mail: gingras@gcllawyers.com | E-mail: mmodl@axley.com |

### 10. Further Information

Further information about this Notice or the lawsuit may be obtained from plaintiff's attorney at the addresses, telephone numbers, facsimile numbers, or e-mail addresses identified above, or on the internet at www.charterclassaction.com.  Please see the website for information and updates on the lawsuit.

> THIS NOTICE AND ITS CONTENTS HAVE BEEN AUTHORIZED BY THE UNITED STATES DISTRICT COURT FOR THE WESTERN DISTRICT OF WISCONSIN, HONORABLE BARBARA B. CRABB, DISTRICT JUDGE.  THE COURT HAS TAKEN NO POSITION REGARDING THE MERITS OF THE PLAINTIFF'S CLAIMS OR THE DEFENDANTS' DEFENSES.  PLEASE DO NOT CONTACT THE COURT FOR ANY REASON.

**SPECIAL NOTICE TO CHARTER EMPLOYEES WHO WERE INTERVIEWED BY CHARTER'S ATTORNEYS ON OCTOBER 16 AND 17, 2007**

On October 16 and 17, 2007, Charter conducted interviews of employees in Madison, Baraboo and LaCrosse, Wisconsin. As a result of those interviews, some employees signed statements, or "Declarations," which addressed a number of issues relevant to this case.

Employees who were interviewed were not told that (1) they could potentially be a member of a class action against Charter and (2) by signing a statement they were potentially waiving the right to participate in a class action.

The Honorable Judge Barbara Crabb for the United States District Court for the Western District of Wisconsin has ordered that the Declarations obtained by Charter during those interviews be stricken from the court's docket. Judge Crabb also determined that the interviews were not confidential and privileged. This means that the declarations cannot be used by any party in this case for any purpose. Therefore, even if you were interviewed by Charter's attorneys and signed a statement or "Declaration," you are still eligible to join this lawsuit and pursue a claim under the Fair Labor Standards Act.

In addition, if you were interviewed by Charter's attorneys but did not sign a statement or "Declaration," you are eligible to join this lawsuit and pursue a claim under the Fair Labor Standards Act. Anything said during those interviews will not be considered by the court in this case.

If you have further questions about the above, please contact plaintiff's lawyers in this case:

Atty. Robert J. Gingras  
GINGRAS, CATES & LUEBKE, S.C.  
8150 Excelsior Drive  
Madison, WI 53717  
Tel: (608) 833-2632  
Fax: (608) 833-2874  
E-mail: gingras@gcllawyers.com

Atty. Michael J. Modl  
AXLEY BRYNELSON, LLP  
2 East Mifflin Street  
Madison, WI 53703  
Tel: (800) 368-5661  
Fax: (608) 257-5444  
E-mail: mmodl@axley.com

# CONSENT TO JOIN COLLECTIVE ACTION
## (FAIR LABOR STANDARDS ACT, 29 U.S.C. § 216(b))

I, _____, hereby consent to opt in to and become a party plaintiff to the collective action entitled *Sjoblom v. Charter Communications, LLC, et al.* I understand and agree that by joining in this action, I will be bound by any adjudication of the Court in this action.

I understand the lawsuit includes allegations that Charter has failed to properly pay field operations employees for all hours worked, including overtime. I am, or was, employed by Charter during some or all of the period from March 14, 2005 to the present. This lawsuit has been brought on my behalf and on the behalf of all similarly situated employees of Charter, pursuant to Section 16(b) of the Fair Labor Standards Act. I understand that the lawsuit seeks to recover unpaid overtime compensation, liquidated damages, attorneys' fees, costs and other relief.

I support the proposed appointment of Gingras, Cates & Luebke, S.C. and Axley Brynelson, LLP, as attorneys for the class and agree to be represented by these attorneys for this action. I understand that these attorneys are being retained on a contingency fee basis, which means that if there is no recovery, I will not be responsible for paying plaintiff's attorneys' fees, costs or expenses. I understand that by joining this lawsuit I have agreed to designate Mr. Maurice Sjoblom as my agent to make decisions on my behalf concerning the litigation, the method and manner of conducting this litigation, the entering of an agreement with plaintiff's lawyers concerning attorneys' fees, costs and expenses, terms of settlement and all other matters pertaining to this lawsuit. These decisions and agreements made and entered into by Mr. Maurice Sjoblom will be binding on me if I join this lawsuit. If the plaintiffs prevail, the attorneys for the class will request the court to determine or approve the amount of attorneys' fees and costs they are entitled to receive.

Signature: _____   Date: _____

Printed Name: _____   Address: _____

Home Phone: _____   E-Mail: _____

Cell Phone: _____   Alternate E-Mail: _____

PLEASE RETURN BY _____, 2008 TO ONE OF THE FOLLOWING:

    Atty. Robert J. Gingras                         Atty. Michael J. Modl
    GINGRAS, CATES & LUEBKE, S.C.       AXLEY BRYNELSON, LLP
    8150 Excelsior Drive                            2 East Mifflin Street
    Madison, WI 53717                            Madison, WI 53703
    Tel: (608) 833-2632                             Tel: (800) 368-5661
    Fax: (608) 833-2874                           Fax: (608) 257-5444

    E-mail: gingras@gcllawyers.com          E-mail: mmodl@axley.com