IN THE UNITED STATES DISTRICT COURT

FOR THE WESTERN DISTRICT OF WISCONSIN

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

MAURICE JAMES SJOBLOM,
on behalf of himself and a class of employees
and/or former employees similarly situated,

               Plaintiff,                           ORDER

    v.                                                  07-cv-451-bbc

CHARTER COMMUNICATIONS, LLC and
CHARTER COMMUNICATIONS, INC.,

               Defendants.

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

On March 4, 2008, this court conditionally certified an opt-in nationwide collective action under the Fair Labor Standards Act, 29 U.S.C. § 216(b). Dkt. #239. The court held a hearing on February 28, 2008 to resolve any outstanding issues related to the proposed content and method of notice to the potential class members. After hearing the parties' arguments, I solicited comment from the parties on the revisions that I made to the documents that they submitted prior to the hearing. Dkt. #235. Defendants also had until March 6, 2008 in which to show whether there are any other positions that are now or have been equivalent to those listed in the class definition.

1

Both parties have responded with proposed corrections and defendants have provided a list of nine positions that would be considered equivalent to those identified in the class definition. I agree with all of the proposed corrections and have revised the attached notice, consent form and special notice accordingly. Plaintiff is authorized to send the attached notice and consent form to the individuals who fall within the class. I also authorize plaintiff to send the attached special notice to those employees who were interviewed by Charter's employees on October 16 and 17, 2007.

Plaintiff seeks approval of the following method for notifying potential class members who are current employees by:

1. Mailing by first class mail to the addresses provided by defendants;

2. Including the notice and consent form in the paycheck envelope of all potential class members;

3. Posting the notice and consent form on Charter's intranet;

4. Posting the notice and consent form on bulletin boards at all Charter offices where potential class members are employed;

5. Having Charter e-mail the notice and consent form to potential class members through its internal e-mail system, or alternatively, e-mail the notice and consent form to potential class members to addresses provided by Charter; and

6. Creating a website (www.charterclassaction.com) containing the notice and consent form.

In addition to mail, e-mail and a website, plaintiff proposes notifying former Charter employees by:

      7.      A court-approved press release directing potential class members to the website;

      8.      If the above methods are unsuccessful, phone contact by plaintiff's counsel with a court-approved script; and

      9.      If all of the above methods are unsuccessful, providing potential class members' social security numbers to a locator service.

Dkt. #232. At the February 28, 2008 hearing and in earlier briefs, defendants objected to proposed methods numbers 2 through 5, 8 and 9.

Defendants contend that e-mail addresses, phone numbers and especially social security numbers are extremely sensitive and personal information. Plaintiff argues that these methods are necessary because most former technicians are transient and will be difficult to locate. In support, he cites the expert report of Robert Hauser and notes that other courts have ordered the disclosure of social security numbers to notify potential class members, e.g., Lima v. International Catastrophe Solutions, Inc., 493 F. Supp. 2d 793 (E.D. La. 2007). I do not find plaintiff's argument persuasive. It is Hauser's opinion that former Charter employees will be best located with a service using an individual's social security number. However, in this age of identity theft, individuals have significant privacy interests in their social security number. Further, the cases cited by plaintiff involve situations in which there were more obstacles to locating potential class members than mere transiency. E.g., Lima, 493 F. Supp. 2d 793 (Spanish speaking immigrants hired to perform clean up work after Hurricane Katrina). Accordingly, I will not order defendants to provide plaintiff with the social security numbers of any of their employees or authorize plaintiff to use a locator service. However, I will allow plaintiff to contact potential class members by e-mail

3

and, if neither mail or e-mail contact is successful, by telephone. The privacy interests in e-mail addresses or telephone numbers are much more akin to those in mailing addresses.

Defendants also object to posting notice at their worksites and on their intranet on the ground that it violates their First Amendment right not to be compelled to speak on a subject to which they object. Pacific Gas and Electric Company v. Public Utility Commission, 475 U.S. 1 (1986) (upholding company's First Amendment right not to be compelled to include a newsletter of a third party in its billing envelopes to customers). Although the notice in this case would contain politically neutral speech, I will not authorize these postings at this time. If other methods of notice are shown to be inadequate to reach a significant number of potential class members, I will entertain a request to authorize additional methods of notice.

Accordingly, plaintiff is permitted to distribute the attached notice and consent form to *current* Charter employees who fall within the class by first class mail to the addresses provided by defendants; e-mail to potential class members to the addresses provided by Charter; and creating a website (www.charterclassaction.com) on which the information will be posted. In addition, plaintiff is permitted to distribute the attached notice and consent form to *former* Charter employees who fall within the class by the same methods and a court-approved press release directing potential class members to the website. After using these methods, if plaintiff is unsuccessful in contacting *former* employees within the class, plaintiff's counsel may attempt to contact those employees by telephone using a court-approved script. Finally, plaintiff may distribute the attached special notice to all Charter employees who

were interviewed by Charter's attorneys on October 16 and 17, 2007 by the same methods authorized above for current Charter employees. If defendants have not done so already, they must provide to plaintiff the full names and last known mailing and e-mail addresses for all potential class members. If necessary under the terms of this order and upon plaintiff's request, defendants must provide plaintiff with all available last known telephone numbers of former employees.

On March 7, 2008, plaintiff filed a motion for court of approval of written notices to be sent by e-mail to current and former Charter employees and a press release that plaintiff intends to distribute to various media outlets in Charter's service area. Defendants will have until March 11, 2008 in which to respond to plaintiff's motion.

ORDER

IT IS ORDERED that:

1.    Defendants' motion for correction to draft class communications is GRANTED;

2.    Plaintiff is authorized to distribute the attached notice and consent form to all current and former Charter employees within the class by the methods authorized in this order;

3.    Using the methods approved in this order, plaintiff is authorized to send the attached special notice to all Charter employees within the class who were interviewed by Charter's attorneys on October 16 and 17, 2007;

4.	Defendants shall provide plaintiff with the full names and last known mailing and e-mail addresses for all potential class members. If necessary under the terms of this order and upon plaintiff's request, defendants shall provide plaintiff with all available last known telephone numbers of former employees within the class; and

5.	Defendants have until March 11, 2008 in which to respond to plaintiff's motion for court of approval of certain written notices.

Entered this 7th day of March, 2008.

BY THE COURT:

/s/

BARBARA B. CRABB
District Judge

## Important Notice to Potential Class Members

To: All Current and Former Broadband Technicians I; Broadband Technicians II; Broadband Technicians III; Sr. Broadband Technicians; Broadband Technicians V - Lead; System Technicians I; System Technicians II; Sr. System Technicians; System Technicians - Lead (otherwise known as Service Technicians, Installers or Installer Repair Technicians); Systems Chief Technicians; Data Services Technicians I; Data Services Technicians II; Data Services Technicians Senior; System Field Coordinators; Installation Trainees; Installer Trainees; Repair Technicians; and Reverse Specialists Employed by Charter Communications Since March 14, 2005 Who Have Been Assigned a Company Vehicle and Took the Assigned Company Vehicle Home Overnight on One or More Occasions.

From: Robert J. Gingras, Esq. and Michael J. Modl, Esq.

Re: Fair Labor Standards Act Claims Against Charter Communications, LLC and Charter Communications, Inc.

### 1. Purpose of Notice

This Notice is to inform you about a lawsuit in which you are potentially eligible to participate; how your rights under the Fair Labor Standards Act ("FLSA") may be affected by this lawsuit; and to inform you of how to join in this lawsuit, should you choose to do so. You have been sent this Notice because there is reason to believe that sometime during the period from March 14, 2005 to the present you were employed by Charter Communications as a Broadband Technician I; Broadband Technician II; Broadband Technician III; Sr. Broadband Technician; Broadband Technician V - Lead; System Technician I; System Technician II; Sr. System Technician; System Technician - Lead (otherwise known as Service Technician, Installer or Installer Repair Technician); Systems Chief Technician; Data Services Technician I; Data Services Technician II; Data Services Technician Senior; System Field Coordinator; Installation Trainee; Installer Trainee; Repair Technician; and Reverse Specialist and you were assigned a company vehicle which you took home overnight on one or more occasions. Thus, if you presently or have previously worked in one of these positions, you may be "similarly situated" to the plaintiff and may participate in this lawsuit if you timely opt in and consent to join this action.

Please note that this Notice is only for the purpose of determining the identity of those persons who wish to be involved in this action. This Notice does not mean that you have a valid claim or that you are entitled to any monetary recovery. Any such determination must still be made by the court.

### 2. Description of the Lawsuit

A lawsuit has been brought by Maurice Sjoblom ("plaintiff") against Charter Communications, LLC and Charter Communications, Inc. (collectively referred to as "defendants") in the United States District Court for the Western District of Wisconsin (Case No. 07-cv-0451-bbc). The lawsuit alleges that defendants violated the Fair Labor Standards Act (FLSA) by failing to pay wages and/or overtime compensation to Mr. Sjoblom and other allegedly similarly situated Broadband Technicians I; Broadband Technicians II; Broadband Technicians III; Sr. Broadband Technicians; Broadband Technicians V - Lead; System Technicians I; System Technicians II; Sr. System Technicians; and System Technicians - Lead (otherwise known as Service Technicians, Installers or Installer Repair Technicians); Systems Chief Technicians; Data Services Technicians I; Data Services Technicians II; Data Services Technicians Senior; System Field Coordinators; Installation Trainees; Installer Trainees; Repair Technicians; and Reverse Specialists employed by Charter Communications since March 14, 2005 and who were assigned a company vehicle and took this vehicle home overnight on one or more occasions. Defendants deny plaintiff's allegations that they violated the FLSA and contend that they properly compensated employees for all compensable working time.

The FLSA requires that an employer pay both wages and overtime compensation for all work-related activities that are compensable under federal law. In terms of overtime, the FLSA requires that for all hours over forty per week that an employee works, the employer must compensate the employee at the rate of one-and-one-half times his or her regular hourly rate, subject to certain exceptions. Plaintiff is suing to recover wages and overtime compensation for the period from August 15, 2004 to the present and for similarly situated individuals for the period from March 14, 2005 to the present, including liquidated damages, costs, and attorneys' fees.

### 3. Who is Sending this Notice

We are the lawyers representing Maurice Sjoblom and other potential class members who timely consent to join this lawsuit. We are from the law firms of Gingras, Cates & Luebke, S.C. and Axley Brynelson, LLP. We prepared and sent this Notice to you.

Although the judge in this case allowed us to send you this Notice, the judge has expressed no opinion about Mr. Sjoblom's claims, Charter Communications' defenses or whether Mr. Sjoblom or any other Charter employees are entitled to recover any monies in this action.

### 4. Your Right to Participate in This Suit

If you believe that Charter has failed to properly compensate you with either wages or overtime compensation, you have the right to participate in this lawsuit. To do this, you must sign, date, and mail the attached Consent to Become Party Plaintiff form to plaintiff's attorney (see Section 5 below). It is entirely your own decision whether to participate in this lawsuit. You are not required to take any action unless you so desire, and **you are not required to pay any money to participate.**

### 5. How and When to Join This Suit

Enclosed you will find a Consent to Become Party Plaintiff Form ("Consent Form"). If you choose to join this lawsuit, and thus participate in any recovery that may result from this lawsuit, it is **extremely important** that you read, sign, and return the Consent Form. The Consent Form is pre-addressed and postage-paid for your convenience. Should the enclosed form become lost or misplaced, please contact plaintiff's lawyers listed on page five of this Notice.

The signed Consent Form must be postmarked by May 15, 2008. **If your signed Consent Form is not postmarked by May 15, 2008, you will not participate in any recovery obtained against defendants in this lawsuit.**

**It also is <u>very important</u> that you return the Consent Form <u>as early as possible</u> because the statute of limitations clock is running as to how far back you may be eligible for unpaid wages and overtime compensation. Thus, if you decide to join the lawsuit, the longer you take to return the form, the more likely it is that the amount of your potential recovery will be reduced, <u>especially if you no longer work for Charter</u>.**

If you have any questions about filling out or sending in the Consent Form, you may contact plaintiff's lawyers listed on page five of this Notice.

### 6. Retaliation Prohibited

**The law prohibits anyone, including your employer, from discriminating or retaliating against you for taking part in this case or because you have exercised your rights under the Fair Labor Standards Act.**

### 7. Effect of Joining This Suit

If you choose to join in this lawsuit, you will be bound by the judgment, whether it is favorable or unfavorable. You will also be bound by - and may share in - any settlement that may be reached on behalf of the class. You also may be required to cooperate in discovery and may be required to respond to written questions, sit for depositions or testify in court.

By joining this lawsuit, you designate Maurice Sjoblom, the representative plaintiff, as your agent to make decisions on your behalf concerning the litigation, the method and manner of conducting this litigation, the entering of a settlement agreement, the entering of an agreement with plaintiff's lawyers concerning fees and costs, and all other matters pertaining to this lawsuit. The decisions and agreements made and entered into by Maurice Sjoblom will be binding on you if you join this lawsuit.

The representative plaintiff in this matter, Maurice Sjoblom, has entered into a contingency fee agreement with plaintiff's lawyers, which means that if there is no recovery, there will be no attorneys fees or costs chargeable to you from plaintiff's lawyers. If there is a recovery, plaintiff's lawyers will receive a part of any settlement obtained or money judgment entered in favor of all members of the class.

### 8. No Legal Effect in Not Joining This Suit

If you choose not to join this lawsuit, you will not be affected by any judgment or settlement of the Fair Labor Standards Act claims in this case, whether favorable or unfavorable to the class. You will not be entitled to share any amounts recovered by the class. You will be free to file your own lawsuit, if you wish to do so.

### 9. Right to Consult With Us

If you want to talk with us about this lawsuit, please feel free to call, write or e-mail us from your personal (not work) e-mail account during non-working time:

| | |
|---|---|
| Atty. Robert J. Gingras | Atty. Michael J. Modl |
| GINGRAS, CATES & LUEBKE, S.C. | AXLEY BRYNELSON, LLP |
| 8150 Excelsior Drive | 2 East Mifflin Street |
| Madison, WI 53717 | Madison, WI 53703 |
| Tel: (608) 833-2632 | Tel: (800) 368-5661 |
| Fax: (608) 833-2874 | Fax: (608) 257-5444 |
| E-mail: gingras@gcllawyers.com | E-mail: mmodl@axley.com |

### 10. Further Information

Further information about this Notice or the lawsuit may be obtained from plaintiff's attorney at the addresses, telephone numbers, facsimile numbers, or e-mail addresses identified above, or on the internet at www.charterclassaction.com. Please see the website for information and updates on the lawsuit.

> THIS NOTICE AND ITS CONTENTS HAVE BEEN AUTHORIZED BY THE UNITED STATES DISTRICT COURT FOR THE WESTERN DISTRICT OF WISCONSIN, HONORABLE BARBARA B. CRABB, DISTRICT JUDGE. THE COURT HAS TAKEN NO POSITION REGARDING THE MERITS OF THE PLAINTIFF'S CLAIMS OR THE DEFENDANTS' DEFENSES.
>
> PLEASE DO NOT CONTACT THE COURT FOR ANY REASON.

### SPECIAL NOTICE TO CHARTER EMPLOYEES WHO WERE INTERVIEWED BY CHARTER'S ATTORNEYS ON OCTOBER 16 AND 17, 2007

On October 16 and 17, 2007, Charter conducted interviews of employees in Madison, Baraboo and LaCrosse, Wisconsin. As a result of those interviews, some employees signed statements, or "Declarations," which addressed a number of issues relevant to this case.

Employees who were interviewed were not told that (1) they could potentially be a member of a class action against Charter and (2) by signing a statement they were potentially waiving the right to participate in a class action.

The Honorable Judge Barbara Crabb for the United States District Court for the Western District of Wisconsin has ordered that the Declarations obtained by Charter during those interviews be stricken from the court's docket. Judge Crabb also determined that the interviews were not confidential and privileged. This means that the declarations cannot be used by any party in this case for any purpose. Therefore, even if you were interviewed by Charter's attorneys and signed a statement or "Declaration," you are still eligible to join this lawsuit and pursue a claim under the Fair Labor Standards Act.

In addition, if you were interviewed by Charter's attorneys but did not sign a statement or "Declaration," you are eligible to join this lawsuit and pursue a claim under the Fair Labor Standards Act. Anything said during those interviews will not be considered by the court in this case.

If you have further questions about the above, please contact plaintiff's lawyers in this case. DO NOT CONTACT THE COURT.

| | |
|---|---|
| Atty. Robert J. Gingras | Atty. Michael J. Modl |
| GINGRAS, CATES & LUEBKE, S.C. | AXLEY BRYNELSON, LLP |
| 8150 Excelsior Drive | 2 East Mifflin Street |
| Madison, WI 53717 | Madison, WI 53703 |
| Tel: (608) 833-2632 | Tel: (800) 368-5661 |
| Fax: (608) 833-2874 | Fax: (608) 257-5444 |
| E-mail: gingras@gcllawyers.com | E-mail: mmodl@axley.com |

# CONSENT TO JOIN COLLECTIVE ACTION
## (FAIR LABOR STANDARDS ACT, 29 U.S.C. § 216(b))

I, _____, hereby consent to opt in to and become a party plaintiff to the collective action entitled *Sjoblom v. Charter Communications, LLC, et al.*  I understand and agree that by joining in this action, I will be bound by any adjudication of the Court in this action.

I understand the lawsuit includes allegations that Charter has failed to properly pay current and former Broadband Technicians I; Broadband Technicians II; Broadband Technicians III; Sr. Broadband Technicians; Broadband Technicians V - Lead; System Technicians I; System Technicians II; Sr. System Technicians; and System Technicians - Lead (otherwise known as Service Technicians, Installers or Installer Repair Technicians); Systems Chief Technicians; Data Services Technicians I; Data Services Technicians II; Data Services Technicians Senior; System Field Coordinators; Installation Trainees; Installer Trainees; Repair Technicians; and Reverse Specialists for all hours worked, including overtime.  I am, or was, employed by Charter during some or all of the period from March 14, 2005 to the present.  This lawsuit has been brought on my behalf and on the behalf of all similarly situated employees of Charter, pursuant to Section 16(b) of the Fair Labor Standards Act.  I understand that the lawsuit seeks to recover unpaid overtime compensation, liquidated damages, attorneys' fees, costs and other relief.

I support the proposed appointment of Gingras, Cates & Luebke, S.C. and Axley Brynelson, LLP, as attorneys for the class and agree to be represented by these attorneys for this action.  I understand that these attorneys are being retained on a contingency fee basis, which means that if there is no recovery, I will not be responsible for paying plaintiff's attorneys' fees, costs or expenses.  I understand that by joining this lawsuit I have agreed to designate Mr. Maurice Sjoblom as my agent to make decisions on my behalf concerning the litigation, the method and manner of conducting this litigation, the entering of an agreement with plaintiff's lawyers concerning attorneys' fees, costs and expenses, terms of settlement and all other matters pertaining to this lawsuit.  These decisions and agreements made and entered into by Mr. Maurice Sjoblom will be binding on me if I join this lawsuit.  If the plaintiffs prevail, the attorneys for the class

will request the court to determine or approve the amount of attorneys' fees and costs they are entitled to receive.

Signature: _____   Date: _____

Printed Name: _____   Address: _____

Home Phone: _____   E-Mail: _____

Cell Phone: _____   Alternate E-Mail: _____

PLEASE RETURN BY MAY 15, 2008, TO THE FOLLOWING:

Claims Administrator
c/o Rust Consulting, Inc.
P.O. Box 151
Minneapolis, MN  55440-0151