IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

---

MAURICE JAMES SJOBLOM, on behalf
of himself and a class of employees and/or
former employees similarly situated,

    Plaintiff,

v.                                    Case No.: 07-C-0451-C

CHARTER COMMUNICATIONS, LLC,
AND CHARTER COMMUNICATIONS
(CCI), INC. (Fict Name), A/K/A
CHARTER COMMUNICATIONS, INC.
(Corp Name),

    Defendants.

---

## ORDER

    WHEREAS, the Parties have made application for an order preliminarily approving the settlement of this litigation as stated in the Parties' Stipulation and Settlement Agreement ("Settlement Agreement") which, together with the exhibits attached thereto, sets forth the terms and conditions for a proposed settlement of the litigation and for dismissal of the litigation upon the terms and conditions set forth therein;

    WHEREAS, the Court has read and considered the Settlement Agreement, the exhibits attached thereto, and the briefing submitted in support of preliminary approval of the settlement;

    IT IS HEREBY ORDERED:

    1.    The Court hereby preliminarily approves the Settlement Agreement and the terms set forth therein as being fair, reasonable and adequate. The Settlement Agreement is the result of arm's-length negotiations between experienced attorneys who are familiar with class action litigation in general and with the legal and factual issues of this case in particular.

1

Copy of this document has been
provided to: _all counsel_
via _net_
this _27_ day of _Aug_, 20_08_
by _[signature]_
M. Hardin, Secretary to
Judge John C. Shabaz

2.  By Order entered March 4, 2008, the Court conditionally certified the Plaintiff's requested nationwide, opt-in FLSA class of current and former employees of Defendants.

3.  The Court has considered the pleadings and arguments made by the Parties in support of the motion for preliminary settlement approval and finds that the proposed Settlement Classes are proper and that the Court has jurisdiction over the claims and parties alleged in Plaintiff's Third Amended Complaint and administration of the Parties' proposed Settlement Agreement.

4.  Solely for purposes of the proposed settlement, the following settlement class is hereby certified pursuant to Rule 23 of the Federal Rules of Civil Procedure:

The Wisconsin State Law Class. The Wisconsin State Law Class includes any and all persons listed on the Master Putative Class Member List provided to Class Counsel on March 11, 2008, and who worked in Wisconsin in a covered position[1] for Defendant Charter Communications, LLC at any time during the period from August 15, 2004 to March 11, 2008.

The Court specifically finds in the context of settlement: (1) the Wisconsin State Law Class is so numerous that joinder is impracticable; (2) questions of law and fact are common to the Wisconsin State Law Class; (3) the claims of the representative Plaintiff are typical of the claims of the Wisconsin State Law Class; and (4) the class representative will fairly and adequately protect the interests of the Wisconsin State Law Class. Further, in the context of

---

[1] Covered positions consist of the following thirty-one (31) different job classifications: Broadband Technician I; Broadband Technician II; Broadband Technician III; Broadband Technician Lead; Broadband Technician Senior; Chief Technician; Data Services Technician I; Data Services Technician II; Data Services Technician Senior; Data Services Technician I CB; Data Services Technician II CB; Data Services Technician Senior CB; Install/Repair QC Technician I; Install/Repair QC Technician II; Installer Repair Technician I; Installer Repair Technician II; Installation Technician; Installation Trainee; Installer I; Repair Technician; Reverse Specialist; Service Technician; Service Technician I; Service Technician II; System Chief Technician; System Field Coordinator; System Technician; System Technician I; System Technician II; System Technician Lead; and System Technician Senior.

settlement, the Court specifically finds that the proposed Wisconsin State Law Class meets the predominance and superiority requirements of Fed. R. of Civ. P. 23(b)(3). Certification of the Wisconsin State Law Class for settlement purposes is the best means for protecting the interests of all of the class members.

5. Solely for purposes of the proposed settlement, the Court does hereby preliminarily approve Gingras, Cates & Leubke, S.C. and Axley Brynelson, LLP as class counsel. The Court also hereby preliminarily approves Maurice James Sjoblom as the class representative.

6. A hearing, for purposes of determining whether the Settlement Agreement should be finally approved, shall be held before this Court on February 13, 2009, at 1 p.m., in 250 of the U.S. District Court, 120 North Henry Street, Madison, Wisconsin, 53701-0432. At the hearing, the Court will hear arguments concerning whether the proposed settlement of the litigation on the terms and conditions provided for in the Settlement Agreement is fair, reasonable and adequate and should be granted final approval by the Court. The Court will also consider class counsel's request for an award of attorneys' fees and costs and for additional payments to be made to the class representative in consideration of the work and services he contributed to the case.

7. The Court approves, as to form and content, the Notice of Wage/Hour Class and Collective Action Settlement, Settlement Hearing, and Claims Procedure to Technicians Employed by Charter Communications, LLC or Charter Communications (CCI), Inc. (Fict. Name), a/k/a Charter Communications, Inc. (Corp. Name) ("Class Notice") and the class Claim, Waiver, and Release Form ("Claim Form"), and finds that the distribution of the Class Notice and Claim Form substantially in the manner set forth in Paragraph VI. A. and B. of the Settlement Agreement meets the requirements of federal law and due process, and is the best notice practicable under the circumstances and shall constitute due and sufficient notice to all individuals entitled thereto.

3

8. The Court appoints Rust Consulting Services, Inc. as the settlement claims administrator. The settlement claims administrator shall supervise and administer the notice procedure as more fully set forth below:

(a) Within twenty-five (25) business days following the entry of this Preliminary Approval Order, the settlement claims administrator shall distribute, by first class mailing to all members of the Settlement Classes, a copy of the Class Notice and Claim Form and shall place the Class Notice and Claim Form on Charterclassaction.com.

(b) The settlement claims administrator and class counsel shall take reasonable steps to locate members of the Settlement Classes as more fully set forth in the Settlement Agreement.

9. All class members who are entitled to opt-out of the Settlement Classes and do not do so shall be bound by all determinations and judgments in the litigation concerning the settlement, whether favorable or unfavorable to the Settlement Classes.

10. Members of the Settlement Classes who timely submit a properly completed Claim Form will be entitled to participate in the settlement, based upon the distribution formulas set forth in the Settlement Agreement. Any member of the Settlement Classes that does not timely submit a properly completed Claim Form will not receive any settlement proceeds.

11. Any member of the Settlement Classes may enter an appearance in the litigation, at his or her own expense, individually or through counsel of their own choice. Any member of the Settlement Classes who does not enter an appearance or opt-out of the settlement will be represented by class counsel.

12. Any member of the Settlement Classes who wishes to be excluded (opt out) from the Settlement Classes and not participate in the proposed settlement must sign, date, and return by First Class U.S. Mail or the equivalent a written Request for Exclusion (as provided in the

4

Notice) to the settlement claims administrator that is postmarked on or before sixty (60) days after the Class Notice and Claim Form were first mailed to members of the Settlement Classes.

13. Any member of the Settlement Classes may appear at the final approval hearing and show cause, if he or she has any, why the proposed Settlement Agreement should or should not be approved; provided, however, that no member of the Settlement Classes or any other person shall be heard or entitled to contest the approval of the terms and conditions of the proposed Settlement Agreement unless that person has, no later than sixty (60) days after the date of the first mailing of the Class Notices and Claim Forms to members of the Settlement Classes, (1) filed a written objection with the Clerk of the United States District Court for the Western District of Wisconsin, 120 North Henry Street, Madison, Wisconsin, and delivered copies (by hand or by first class mail) to the settlement claims administrator, class counsel, and Defendants' counsel that include the name and address of the objector, a detailed statement of the basis for each objection asserted, the grounds on which the objector desires to appear and be heard (if any), and if the objector is represented by counsel, the name and address of counsel; and (2) filed an Entry of Appearance *in propria persona* or through the person's own attorney with the Clerk of the United States District Court for the Western District of Wisconsin, 120 North Henry Street, Madison, Wisconsin, and delivered copies (by hand or by first class mail). to the settlement claims administrator, class counsel and Defendants' counsel. All timely filed and served objections shall be considered and ruled upon by the Court at the final approval hearing. Any member of the Settlement Classes who does not timely file and serve his or her objection in the manner provided above shall be deemed to have waived such objection and shall forever be foreclosed from making any objection to the fairness or adequacy of the proposed settlement as incorporated in the Settlement Agreement and any award of attorneys' fees and costs awarded to class counsel, unless otherwise ordered by the Court.

14. Class counsel shall file their petition for an award of attorneys' fees on or before Sept. 29, 2008.

15. At the final approval hearing, the Court shall determine whether the Settlement Agreement, and any application for attorneys' fees or reimbursement of costs, shall be granted final approval.

16. The Court reserves the right to adjourn the date of the final approval hearing without further notice to the Settlement Class members, and retains jurisdiction to consider all further applications arising out of or connected with the proposed settlement.

DATED: August 27, 2008    _Barbara B. Crabb_
                          HON. BARBARA B. CRABB

cc:   All Counsel of Record