**IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN**

MAURICE JAMES SJOBLOM, on behalf
of himself and a class of employees and/or
former employees similarly situated,

        Plaintiff,

v.                                         Case No.:  07-C-0451-C

CHARTER COMMUNICATIONS, LLC,
AND CHARTER COMMUNICATIONS
(CCI), INC. (Fict Name), A/K/A
CHARTER COMMUNICATIONS, INC.
(Corp Name),

        Defendants.

**DEFENDANTS' OPPOSITION TO PLAINTIFF'S MOTION TO EXPEDITE HEARING
FOR FINAL APPROVAL OF THE SETTLEMENT AGREEMENT**

**I.  Introduction**

Plaintiff Maurice Sjoblom's ("Plaintiff") Emergency Motion to Expedite the Hearing for Final Approval of the Settlement Agreement ("Motion") and reschedule it for no later than January 23, 2009, should be denied for multiple reasons.  First, Plaintiff lacks good cause for seeking emergency relief because his counsel rely on speculative and hearsay articles about Defendants Charter Communications, LLC and Charter Communications, Inc. (collectively, "Charter") rather than focus on the 10Q and 10K filings with the Securities and Exchange Commission, which provide a true picture of Charter's financial situation.   Second, there are several matters that still need to be resolved between the parties before a Final Approval Hearing can be held, including important matters governing the administration and taxation of Settlement Services to be provided to eligible Authorized Claimants.  It is in all parties' best interests to use

the next few weeks to resolve and develop agreed to procedures for handling the remaining matters prior to the Final Approval Hearing, which will reduce the likelihood of tax-related or other disputes and problems going forward and lessen the chance that one or more of the parties will need to seek the court's assistance after the final hearing. Consequently, the Final Approval Hearing should proceed on February 13, 2009, as currently scheduled.

**II.     There Is No Emergency; Plaintiff's Counsel Is Relying on Speculative News Articles and Not Charter's SEC Filings as a Basis for his Motion.**

Plaintiff's counsel has speculated at least as far back as the beginning of settlement negotiations in early July 2008 regarding Charter's financial status ("Plaintiff had some information about Charter's financial instability during the pendency of the action, including during mediation in July, 2008.") (Dkt. # 377, p. 3), and insisted on a letter of credit as a condition for settlement. This letter of credit was provided to Plaintiff's counsel on or about September 8, 2008. (*See* Letter of Credit, Dkt. # 379, Ex. C)   Consequently, Plaintiff lacks good cause to argue the existence of an "emergency" in his Motion.

Plaintiff relies on internet articles from January 14 to January 20, 2009 discussing Charter's financial difficulties and the possibility of a bankruptcy filing. These articles are hearsay and there is no showing that the writers have the foundation to offer the opinions that they do. They are inadmissible for the purpose that Plaintiff seeks to use them. Regardless, similar stories have been widespread for months and are not emergent. For example, as early as July 15, 2008, a speculation appeared on a website entitled www.streetspeculators.com . (Strawn Decl., ¶ 6 and Ex. A)   The same story appeared on July 16, 2008, on the website www.seekingalpha.com.    (Strawn Decl., ¶ 7 and Ex. B)   The "emergency" argument is further discredited by the fact that Charter is publicly traded and, therefore, makes public disclosures on a regular basis through annual reports and quarterly Securities and Exchange Commission

2

filings. These filings have shown for an extended time that Charter carries significant debt but that it has continued to operate. Plaintiff's "emergency" argument lacks good cause.

Similarly, Plaintiff's new complaint about the letter of credit is unfounded. Charter provided a letter of credit that was acceptable to Plaintiff when it was delivered on or about September 8, 2008, and to which Plaintiff expressed no objections until January 21, 2009. (*See* Letter of Credit, Dkt. # 379, Ex. C) Plaintiff for the first time now argues that the letter of credit is insufficient because it allegedly limits that issuing bank's obligations to pay by not guaranteeing the letter of credit's extension beyond April 30, 2009. Plaintiff did not complain about the Letter of Credit then, and he should not be heard to complain about it now. *Id.*

## III. Significant Matters Still Need To Be Resolved Before A Final Approval Hearing Is Held.

Plaintiff's argument that Charter's counsel was uncooperative in refusing to move up the Final Approval Hearing date is a red herring. It misrepresents the January 21, 2009, telephone conference between the parties' counsel in which Charter's counsel discussed with Plaintiff's counsel some of the matters that still needed to be resolved before a Final Approval Hearing is held. (Strawn Declaration, ¶¶ 12-14,)

As an initial matter, Plaintiff's counsel suggests that Charter's counsel was evasive, when in fact, it is not appropriate for Charter's counsel to speculate in this manner. Ignoring the fact that any such communications from Charter's counsel would be inappropriate, Plaintiff's counsel attempts to paint the silence as being obstructionist and uncooperative in violation of the Settlement Agreement's mutual cooperation provision. The attempt is misleading and should be disregarded given the legal restrictions on Charter's counsel's ability to comment.

More importantly, Plaintiff falsely states in his Motion that Charter's counsel was unwilling to provide any basis for opposing modification of the final approval hearing date in the

3

January 21, 2009, telephone conference between the parties' counsel. (Dkt. # 377, p. 5). To the contrary, in the January 21, 2009 telephone conference Charter's counsel explained at length that there are remaining issues to be worked out before the Final Approval Hearing regarding the administration, delivery, and taxation of the Settlement Services provided for under the Settlement Agreement (Strawn Declaration, ¶¶ 12-14,) In particular, Charter's counsel advised that the defendants could not agree to move up the hearing from February 13, 2009, because the parties still needed to: (1) finish determining which Authorized Claimants were inside the Charter service area and which were outside the service area for purposes of determining who will receive Settlement Services and what type of services will be available to them, as well as who will receive cash payments in lieu of Settlement Services; (2) reach an agreement regarding the fair market value of Settlement Services for tax valuation purposes; (3) reach an agreement regarding how the money held back from the cash payments to Authorized Claimants to satisfy the employee portion of the required withholdings on the Settlement Services will be maintained and in what types of accounts and with what type of reporting; and (4) how to comply with tax withholding requirements attributable to Settlement Services for those Authorized Claimants whose cash payments pursuant to the settlement are not sufficient to allow for a holdback that satisfies the withholding obligations attached to the Settlement Services award. (Strawn Declaration, ¶¶ 12-14)

Charter's counsel further explained that these matters needed to be resolved before they could prepare the notice that is to be sent to Authorized Claimants which informs them of their portion of Settlement Services and availability and explains how tax holdbacks and withholdings will be administered. (Strawn Declaration, ¶ 14) Plaintiff's allegation in his Motion that Charter's counsel was unwilling to provide any basis for opposing modification of the final

approval hearing date is proven false by these very matters discussed in the January 21, 2009, telephone conference.

Furthermore, the Settlement Agreement commands the parties to resolve the above outstanding matters, stating:

> The PARTIES agree they will establish a set of procedures that will address taxation issues associated with the SETTLEMENT SERVICES component of the SETTLEMENT PROCEEDS, including the valuation of SETTLEMENT SERVICES for tax purposes, determination of the amounts of withholding, if any, as required by law based thereon, and the establishment, operation and documentation of the account which will hold the amounts for payment of withholding on SETTLEMENT SERVICES.

(Settlement Agreement, Dkt.# 350-2, pp. 49-50). Recognizing the parties still need to resolve these matters, Plaintiff's counsel asked in the January 21, 2009 telephone conference if the parties could arrange a call with their respective tax attorneys to continue working on tax related issues pertaining to the Settlement Services. (Strawn Decl., ¶ 15) Thereafter, Charter's counsel inquired into tax counsel's availability and sent Plaintiff's counsel an e-mail indicating that Charter's tax counsel was available for a telephone conference during the afternoon of January 22, 2009 to continue working toward a resolution of these matters. (Strawn Decl., ¶¶ 16-19 and Exs. D and E)

Other important matters related to the settlement's final approval remain unfinished. For instance, Plaintiff's counsel has the responsibility to provide, but has yet to present, Beneficiary Declarations for six deceased members of the Settlement Classes on whose behalf claim forms have been submitted. (Strawn Decl., ¶¶ 20-21 and Ex. F) Further, the parties have not yet agreed upon and filed the Motion for Final Approval Order and the Final Approval Order. (Strawn Decl., ¶ 22) The Settlement Claims Administrator has not yet filed its declaration certifying the list of all members of the Settlement Classes who timely submitted their Claim

Form, among other items. (Strawn Decl., ¶ 23) According to the Settlement Agreement, the Settlement Claims Administrator's declaration must be certified "[n]o later than twenty (20) days prior to the Final Approval Hearing. (Dkt. # 350-2, p. 69). Charter has provided Rust with revisions to the declaration. (Strawn Decl., ¶ 23 and Ex. G) It will be impossible for the Settlement Claims Administrator to comply with the Settlement Agreement and provide its declaration twenty (20) days prior to the Final Approval Hearing if Plaintiff's Motion is granted.

These matters, along with the inevitable issues resolving them presents, must be attended to and completed before the Final Approval Hearing in order to ensure a fair, reasonable and adequate resolution of the claims and participation of the Authorized Claimants. For months the parties have timed its efforts toward completing these necessary tasks in accordance with the timing of the February 13, 2009 hearing date. If Plaintiff's Motion is granted, there will be insufficient time to resolve current open issues.

**IV.     Conclusion**

For the above reasons, Plaintiff's Motion should be denied and the Final Approval Hearing should proceed on February 13, 2009 as currently scheduled.

Respectfully submitted this 22nd day of January, 2009.

                                                s/ Bradley E. Strawn.
                                                Bradley E. Strawn
                                                Georgia Bar No.: 004419
                                                bstrawn@littler.com
                                                Lisa A. Schreter
                                                Georgia Bar No.: 629852
                                                lschreter@littler.com
                                                LITTLER MENDELSON, P.C.
                                                3348 Peachtree Road, N.E.
                                                Suite 1100
                                                Atlanta, Georgia 30326-1008
                                                Telephone: (404) 233-0330

Harry W. Wellford, Jr.
Missouri Bar No.: 32305
hwellford@littler.com
Kimberly A. Yates
Missouri Bar No.: 49879
kyates@littler.com
LITTLER MENDELSON, P.C.
Two City Place, Suite 200
St. Louis, MO 63141
Telephone: (314) 432-4797

Andrew J. Voss
Minnesota Bar No.: 241556
avoss@littler.com
LITTLER MENDELSON, P.C.
80 South Eighth Street
Suite 1300
Minneapolis, MN 55402
Telephone: (612) 630-1000

**ATTORNEYS FOR DEFENDANTS**

## **CERTIFICATE OF SERVICE**

I hereby certify that on January 22, 2009, I electronically filed the forgoing with the Clerk of Court using CM/ECF system, which will automatically send email notification of such filing to the registered attorneys of record, and served such filing by electronic mail to the following:

Robert J. Gingras
gingras@gcllawyers.com
Daniel P. McAlvanah
dmcalvanah@gcllawyers.com
GINGRAS, CATES & LUEBKE, S.C.
8150 Excelsior Drive
Madison, WI 53701-1808

Michael J. Modl
mmodl@axley.com
Timothy J. Edwards
tedwards@axley.com
Steven Streck
sstreck@axley.com
Axley Brynelson, LLP
2 East Mifflin Street, Ste. 200 (53703)
Post Office Box 1767
Madison, WI 53701-1767

s/ Bradley E. Strawn
Attorney for Defendants