UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WISCONSIN

---

Maurice James Sjoblom,
on behalf of himself and a class
of employees and/or former employees
similarly situated,

Plaintiff,

vs.

Case No. 07-C-0451-C

Charter Communications, LLC, and
Charter Communications (CCI), Inc.
(Fict Name), a/k/a Charter
Communications, Inc. (Corp Name),

Defendants.

---

**FINAL ORDER**

---

WHEREAS, the Parties have applied for an order finally approving the settlement of this litigation as stated in the Parties' Stipulation and Settlement Agreement (Doc. # 350-2) ("Settlement Agreement") which, together with the exhibits attached thereto, sets forth the terms and conditions for the proposed settlement of this litigation and for dismissal with prejudice of the litigation upon the terms and conditions set forth therein;

WHEREAS, this matter having come before the Court for a hearing on January 26, 2009 at 4:00 _____ pm for final approval of the settlement, as set forth in the Parties' Settlement Agreement, and due and adequate notice having been given to the Settlement Classes, and the Court having fully considered all papers filed and the proceedings related thereto and otherwise having been fully informed, and with good cause appearing,

**IT IS HEREBY ORDERED** that:

1. All the terms used in this Order shall have the same meaning as defined in the Settlement Agreement. Accordingly, for purposes of this Order, and consistent with the Settlement Agreement, the term "Settlement Classes" collectively refers to the FLSA Class and the Wisconsin State Law Class, as fully defined in the Settlement Agreement.

2. The Court has considered the pleadings and arguments made by the Parties in support of their Motion for Final Settlement Approval and for Final Class Certification and finds that the Settlement Classes are proper for purposes of this settlement and that the Court has jurisdiction over the subject matter of the claims and parties alleged in Plaintiff's Third Amended Complaint and the administration of the Parties' Settlement Agreement.

3. The Court finds that notice to the Settlement Classes was properly effectuated, including the mailing of the Notice of Wage/Hour Class and Collective Action Settlement, Settlement Hearing, and Claims Procedure to Technicians Employed by Charter Communications, LLC or Charter Communications (CCI), Inc. (Fict. Name), a/k/a Charter Communications, inc. (Corp. Name) ("Class Notice") and the class Claim, Waiver and Release form attached as Exhibits 2 and 3 to the Settlement Agreement in conformity with the preliminary approval Order (Doc. # 353), along with individual notice to all members of the Settlement Classes who could be identified through reasonable effort. The Court finds that said notice was the best notice practicable under the circumstances, as it provided due and adequate notice of the proceedings and of the matters set forth therein, including the proposed settlement set forth in the Settlement Agreement, to all persons entitled to such notice, and the notice forms fully satisfied the

requirements of Rule 23 of the Federal Rules of Civil Procedure, the Fair Labor Standards Act, due process, the United States Constitution and other applicable law.

4. The Court finds that on August 29, 2008, counsel for Defendants mailed notices required by the Class Action Fairness Act of 2005 to the appropriate government representatives, and that no government representatives have filed objections to the Settlement Agreement or the terms therein.

5. This Court approves the settlement set forth in the Settlement Agreement, including the settlement awards, released claims and other terms set forth therein, and finds that the Settlement Agreement is, in all respects, fair, reasonable and adequate and binding on all members of the Settlement Classes who did not timely exclude themselves pursuant to the procedures set forth in the Settlement Agreement. The Settlement Agreement is the result of arm's-length negotiations between experienced attorneys who are familiar with class action litigation in general and with the legal and factual issues of this case in particular. The Court directs the parties to effectuate the settlement according to the terms of the Settlement Agreement. The parties agree to submit within 10 days of the Final Judgment entered by the Court a documents titled Agreed Upon Tax Procedures for *Maurice James Sjoblom v. Charter Communication*, *et al.* and a template of a letter to be sent to Authorized Claimants Regarding Settlement Services.

6. The Court finds that the Wisconsin State Law Class is properly certified as a class, for purposes of settlement only, as separate lawsuits by settlement class members would create the risk of imposing incompatible standards of conduct on Defendants through inconsistent adjudications and because Defendants have acted on grounds generally applicable to the Wisconsin State Law Class, so that relief with respect to the

Wisconsin State Law Class as a whole is appropriate. The Court specifically finds, for purposes of settlement, that: (1) the Wisconsin State Law Class is so numerous that joinder is impracticable; (2) questions of law and fact are common to the Wisconsin State Law Class; (3) the claims of the representative Plaintiff are typical of the claims of the Wisconsin State Law Class; and (4) the class representative will fairly and adequately protect the interests of the Wisconsin State Law Class. Further, the Court specifically finds, for purposes of settlement, that the Wisconsin State Law Class meets the predominance and superiority requirements of Rule 23(b), Fed. R. Civ. P.

7. The Court finds that the FLSA Class is properly certified as a class, for purposes of settlement only, pursuant to Section 216(b) of the Fair Labor Standards Act. The Court specifically finds, for purposes of settlement, that the members of the FLSA collective action are similarly situated pursuant to Section 216(b) of the FLSA.

8. The Court approves Gingras, Cates & Luebke, S.C. and Axley Brynelson, LLP as class counsel. The Court also approves Maurice James Sjoblom as the class representative.

9. The Court approves Rust Consulting Inc. as Settlement Claims Administrator in the above-captioned matter. The Court specifically approves payment from the Settlement Proceeds to Rust Consulting Inc. in the amount of $21,372.00 as fair and reasonable.

10. The Court approves an award of $12,691,508.32 in Settlement Cash Payments to the members of the Authorized Claimants, to be distributed to the Authorized Claimants pursuant to the allocation formula set forth in the Settlement Agreement.

11. The Court approves an award of $3,223,039.97 to the Authorized Claimants in Settlement Services (before taking account of and making Cash Payments in Lieu of Settlement Services as appropriate), to be distributed to the Authorized Claimants pursuant to the terms of the Settlement Agreement.

12. The Court finds that all members of the Settlement Classes have either: (a) submitted a timely Claim, Waiver and Release Form; or (b) failed to submit a timely Claim, Waiver and Release Form or Request for Exclusion Form, and therefore all members of the Settlement Classes are hereby deemed to have waived and released all claims included in and covered by the waiver and release included in the Settlement Agreement, which is incorporated in the Claim, Waiver and Release Form attached as Exhibit 2 to the Settlement Agreement, and incorporated by reference into this Final Order, and they and their respective heirs, beneficiaries, devisees, legatees, executors, administrators, trustees, conservators, guardians, personal representatives, successors-in interest, and assigns (collectively, the "Wisconsin State Law Releasing Persons" and the "FLSA Releasing Persons" as defined in the Settlement Agreement) forever and completely release and discharge Defendants, and release and hold harmless the Released Persons as defined in the Settlement Agreement from any and all wage-related claims, demands, rights, liabilities, expenses, and losses of any kind, that any of the Wisconsin State Law Releasing Persons or FLSA Releasing Persons have, had, might have or might have had against any of the Released Persons based on any act or omission that occurred at any time up to and including the August 29, 2008 date the Court entered a Preliminary Approval Order.

13. Specifically, all members of the Settlement Classes have acknowledged, understood, and agreed or are deemed to have acknowledged, understood, and agreed that they and the Wisconsin State Law Releasing Persons and the FLSA Releasing Persons have fully and completely released Charter Communications, LLC and Charter Communications (CCI), Inc. (Fict. Name), a/k/a Charter Communications, Inc. (Corp. Name) (collectively "Defendants"), and their past, present, and future parents, affiliates, subsidiaries, divisions, predecessors, successors, partners, joint venturers, affiliated organizations, shareholders, insurers, reinsurers and assigns, and each of their past, present, and future officers, directors, trustees, agents, employees, attorneys, contractors, representatives, benefits plans sponsored or administered by Defendants, divisions, units, branches and any other persons or entities acting on their behalf (together with Defendants, the "Released Persons") from any and all wage-related claims, demands, rights, liabilities, expenses, and losses of any kind, that they and their heirs, beneficiaries, devisees, legatees, executors, administrators, trustees, conservators, guardians, personal representatives, successors-in-interest, and assigns have, had, might have or might have had against any of the Released Persons based on any act or omission that occurred at any time through and including August 29, 2008, whether in any way related to any of the facts or claims alleged in the above-captioned litigation or the negotiations leading to the settlement of the above-captioned litigation, as well as from the obligation to make any payment to any person, attorney, or law firm for attorneys' fees, expenses or costs incurred on their behalf, even if presently unknown and/or unasserted. The matters released include any and all wage-related claims of any kind based on any act or omission that occurred at any time through and including August 29, 2008, including but

not limited to claims pursuant to the Fair Labor Standards Act of 1938 ("FLSA"), 29 U.S.C. § 201, et. seq, including any FLSA retaliation claims that could be brought; any breach of contract claims; any state common law wage claims, including, but not limited to claims of unjust enrichment and quantum meruit; any and all claims pursuant to or derived from The Employee Retirement Income Security Act of 1974 ("ERISA"), 29 U.S.C. § 1001 et seq., that arise from any alleged failure to pay wages, including any claims for benefits under any benefit plans subject to ERISA that arise from any such alleged failure; any claims brought under any wage-and-hour laws or wage-related claims under other laws, and any other claims of any kind related to the Released Persons' alleged failure to pay wages up to and including August 29, 2008, including but not limited to wage-related claims under any of the following state statutes and regulations:

> Alaska Wage and Hour Act, A.S. §§ 23.10.050, et seq.; Arizona Revised Stat. §§ 23-350, et seq., and §§ 23-362, et seq.; Minimum Wage Act of the State of Arkansas, A.C.A. §§ 11-4-201, et seq.; all claims under all California wage orders, the California Labor Code, and other applicable statutes including, but not limited to California Labor Code Sections 201-204, 212, 221, et seq., 226, 226.7, 400, et seq., 510, et seq., 512, 558, 1194, 2699, et seq., and 2802, Wage Order 4 of the Industrial Welfare Commission ("IWC") Wage Orders (8 Cal. ¶ Code Regs. §§ 11010, et seq.), the California Business & Professions Code § 17200 and Code of Civil Procedure §§ 1021.5 and 1542, and the California Private Attorney General Act; Colorado Minimum Wage Law, C.R.S. §§ 8-6-101, et seq., and Colorado Minimum Wage Order Nos. 22-24, 7 C.C.R. 1103-1, C.C.H. 6-41, 801, et seq.; Connecticut Wage and Hour Law, C.G.S. §§ 31-51ii, C.G.S. §§ 31-58, et seq., C.G.S. §§ 31-70, et seq., and Connecticut Agency Regulation 31-60-10(a); Delaware Minimum Wage Act, 19 Del. C. §§ 901, et seq., and Wage Payment and Collection Act, 19 Del. C. §§ 1101, et seq.; District of Columbia Minimum Wage Act, D.C. Code §§ 32-1001, et seq.; Florida Statute §§ 448.01, et seq., the Florida Minimum Wage Act, Florida Stat. § 448.110, and Florida Constitution, Art. X, § 24; Georgia Minimum Wage Law, GA. Code, §§ 34-4-1, et seq.; Fair Labor Standards Act of Guam, Guam Code Ann. §§ 3101, et seq., §§ 3201, et seq.; Hawaii Wage and Hour Law, H.R.S. §§ 387-1, et seq., and §§ 388-1, et seq.; Idaho Hours Worked Act, I.C.A. §§ 44-1201, et seq., and Minimum Wage Law, I.C.A. §§ 44-1501, et seq.; Illinois Minimum Wage

Law, 820 I.L.C.S. 105/1, et seq., Illinois Wage Payment and Collection Act, 820 I.L.C.S. 115/1, et seq., and 56 Ill. Admin. Code § 210.100; Indiana Minimum Wage Law of 1965, Ind. Code §§ 22-2-2-1, et seq.; Iowa Wage Payment and Collection Act, I.C.A §§ 91A.1, et seq., Minimum Wage Act, I.C.A § 91D.1, and 875 Iowa Admin. Code §§ 215-217; Kansas Minimum Wage and Maximum Hours Law, K.S.A. §§ 44-1201, et seq.; Kentucky Wages and Hours Laws, K.R.S. §§ 337, et seq., and 803 Ky. Admin. Regs. 1:005, et seq.; Louisiana Revised Stat. §§ 23:631, et seq.; Maine Minimum Wages Laws, 26 M.R.S.A. §§ 601, et seq., 26 M.R.S.A. §§ 621-A, et seq., and 26 M.R.S.A. §§ 661, et seq.; Maryland Wage and Hour Law and Maryland Wage Payment and Collection Law, Md. Code §§ 3-401, et seq., §§ 3-501, et seq.; Massachusetts Minimum Fair Wage Law, G.L. c. 149 §§ 100, 148, et seq., 151 §§ IA, et seq., and 455 C.M.R. §§ 2.01, et seq.; Michigan Minimum Wage Law of 1964, M.C.L. 408.381, et seq.; Minnesota Fair Labor Standards Act, Minn. Stat. §§ 177.21, et seq.; Mississippi Code Ann. § 71-1-35; Missouri Revised Stat. §§ 290.010, et seq., and §§ 290.500, et seq.; Montana Wages and Wage Protection Laws, §§ 39-2-301, et seq., §§ 39-3-101, et seq., §§ 39-3-201, et seq., §§ 39-3-401, et seq., §§ 39-4-101, et seq., and M.C.A. and Mont. Admin. R. 24.16. 1001, et seq.; Nebraska Minimum Wages Act, Neb. Rev. Stat, §§ 48-1201, et seq., and Wage Payment and Collection Act, Neb. Rev. Stat, §§ 48-1228, et seq.; Nevada Compensation, Wages and Hours Laws, N.R.S. 608.005, et seq. and Nevada Constitution, Art. 15, § 16; New Hampshire Minimum Wage Law, R.S.A. 279:1, et seq.; New Jersey State Wage and Hour Law, N.J.S.A. 34:11-56a, et seq., and N.J. Admin. Code §§ 12:56-1.1, et seq.; New Mexico Labor Conditions and Payment of Wages Laws and Minimum Wage Act, N.M.S.A. §§ 50-4-01, et seq., and N.M. Admin Code §§ 11.1.4.1, et seq.; New York Wage Payment Laws, N.Y. Lab. Law §§ 160, et seq., §§ 190, et seq., and Minimum Wage Act, N.Y. Lab. Law §§ 650, et seq., and Minimum Wage Orders, 12 N.Y.C.R.R. §§ 142-2.1, et seq.; North Carolina Wage and Hour Act, N.C. Gen. Stat. §§ 95-25.1, et seq.; North Dakota Minimum Wages and Hours Laws, N.D.C.C. §§ 34-06-01, et seq., and Minimum Wage and Work Conditions Order, N.D. Admin. Code §§ 46-02-07, et seq., and any state or local law or policy relating to unknown claims, including but not limited to N.D.C.C. § 9-13-02; Ohio Minimum Fair Wage Standards Act, R.C. §§ 4111.01, et seq., and Ohio Constitution, Art. II, § 34a; Oklahoma Protection of Labor Laws, 40 Okl. St. Ann §§ 165.1, et seq., §§ 197.1, et seq., and Okla. Admin, Code §§ 380:30-1-2, et seq.; Oregon Labor and Employment Laws, O.R.S. §§ 652.010, et seq., O.R.S. §§ 653.010, et seq., and Oregon Administrative Rules, O.A.S. 839-020-0010, et seq.; Pennsylvania Minimum Wage Act of 1968, 43 P.S. §§ 333.101, et seq., Wage Payment and Collection Law, 43 P.S. §§ 260.1, et seq., and 34 Pa. Code §§ 9.1, et seq., §§ 231.1, et seq.; Puerto Rico Working Hours and Days Laws, 29 L.P.R.A. §§ 271, et seq.; Rhode Island Minimum Wage Act, G.L. §§ 28-12-1, et seq.; South

Carolina Payment of Wages Act, S.C. Code, §§ 41-10-10, et seq.; South Dakota Labor and Employment Laws, S.D.C.L. §§ 60-1-1, et seq., and any state or local law or policy relating to unknown claims, including but not limited to S.D.C.L. § 20-7-11; Tennessee Code Ann. §§ 50-2-101, et seq.; the Texas Payment of Wages Act, Tex. Lab. Code Ann. §§ 61.001, et seq., Minimum Wage Act, Tex. Lab. Code Ann. §§ 62.001, et seq., and Texas Payday Rules, 40 Tex. Admin. Code §§ 821.1, et seq.; the Utah Minimum Wage Act, Utah Code Ann. §§ 34-40-101, et seq., and Utah Admin. Code R610-1-1, et seq.; Vermont Wages and Medium of Payment Laws, 21 V.S.A. §§ 341, et seq., and 21 V.S.A. §§ 381, et seq.; Virginia Minimum Wage Act, Va. Code Ann. §§ 40.1-28.8, et seq.; U.S. Virgin Islands Fair Labor Standards Act and Wage Laws, 24 V.I. Code Ann., Chapter 1, §§ 1, et seq.; Washington Labor Regulations, R.C.W. 49.12.005, et seq., 49.28.010, et seq., 49.46.005, et seq., 49.48.010, et seq., and Washington Minimum Wage Rules, WAC 296-126.001, et seq., WAC 296-128.010, et seq.; West Virginia Safety & Welfare of Employees Act, W.Va. Code § 21-3-10a, Wage Payment & Collection Act, W.Va. Code §§ 21-5-1, et seq., Minimum Wage and Maximum Hours Act, W.Va. Code §§ 25-5C-1, et seq.; Chapters 103, 104, 109, and 111 of the Wisconsin Statutes, Chapters DWD 272, 274, and 275 of the Wisconsin Administrative Code, and any Wisconsin state breach of contract and common law wage claims, including, but not limited to claims of unjust enrichment; and Wyoming Minimum Wages, §§ 27-4-201, et seq., and Collection of Unpaid Wages, §§ 27-4-501, et seq.

The released claims do not include claims for worker's compensation benefits that may not be waived under applicable law.

14. All members of the Settlement Classes further covenanted and agreed or are deemed to have covenanted and agreed that since they settled disputed claims that, except for the Settlement Proceeds the Authorized Claimants received pursuant to the settlement of this above-captioned litigation, they will not accept, recover, or receive any back pay, liquidated damages, other damages, penalties, or any other form of relief based on any claims asserted, released or settled in the above-captioned litigation which may arise out of, or in connection with any other individual, class, or any administrative

remedies pursued by any individual, federal, state, or local governmental agency against any of the Released Persons.

15. If any of the members of the Settlement Classes worked as a Technician for any of the Released Persons in California, they further covenanted and agreed or are deemed to have covenanted and agreed not to take any steps to initiate, file, or participate in any claim under the California Private Attorney General Act, California Labor Code section 2699, et seq. with respect to any claims for violation of the California Labor Code that allegedly arose during the time period of August 15, 2004 through and including August 29, 2008.

16. If any of the members of the Settlement Classes worked as a Technician for any of the Released Persons in California, they acknowledged or are deemed to have acknowledged, as required by California Civil Code section 1542, that if they worked for any of the Released Persons in California they may have claims related to the released claims above that are presently unknown and that the above release is intended to and will fully, finally, and forever discharge even such claims, whether now asserted or un-asserted, known or unknown, to the extent they fall within the description of claims being released above. Such members of the Settlement Classes acknowledged or are deemed to have acknowledged that they have been advised of California Civil Code Section 1542, they may hereafter discover facts in addition to or different from those which they now believe to be true with respect to the subject matter released herein, but agreed that they have taken that possibility into account in signing the release and that, notwithstanding the discovery or existence of any such additional or different facts, as to which they expressly assumed the risk, they freely and voluntarily gave the release set forth above.

17. Should the waivers and releases provided above be ruled unenforceable for any reason, the members of the Settlement Classes have agreed or are deemed to have agreed to execute a valid release of equal scope.

18. The Court has reviewed the waiver and release of claims set forth in the Settlement Agreement, which is incorporated into the Claim, Waiver and Release Form and stated above, and the Court finds these waivers and releases to be fair, reasonable and enforceable under the Fair Labor Standards Act ("FLSA"), Wisconsin and other applicable law.

19. As of the date of the Court's execution of this Final Order, each and every released claim (as defined in the Settlement Agreement and the Claim, Waiver and Release Form) of each and every member of the Settlement Classes is and shall be deemed to be conclusively released as against the Released Persons and are forever barred and enjoined from prosecuting the released claims contained in the Settlement Agreement and the Claim, Waiver and Release Form against the Released Persons.

20. All members of the Settlement Classes further covenanted and agreed or are deemed to have covenanted and agreed, as provided in the Settlement Agreement and the Claim, Waiver, and Release Form, that if they are current employees of either Defendant, they acknowledge, understand, and agree to: (1) comply with Defendants' payroll reporting policies and accurately report all working time; (2) immediately report to a designated representative for Defendants any instruction to work off-the-clock or otherwise to under or over report any working time; (3) not perform any off-the-clock work; and (4) contact a designated representative for Defendants if they have any questions about what is working time or have any complaints about their

Case: 3:07-cv-00451-bbc Document #: 392 Filed: 01/26/2009 Page 12 of 14

pay.

21. The Court approves Class Counsel's petition for costs and attorney's fees and finds that an award of attorney's fees in the amount of $8,444,145.22 and costs in the amount of $352,849.28 is appropriate based on Rule 23, Fed. R. Civ. P., and applicable precedent from the United States Supreme Court and the Seventh Circuit Court of Appeals.

22. The Court hereby releases any lien that Attorney Kathleen A. Wagner or Wagner Law Offices, S.C. may have over the attorneys' fees and costs awarded in this matter. By letter dated December 1, 2008, the Court was advised that Class Counsel and Attorney Wagner successfully mediated the lien matter. Any attorneys' fees and costs due to Attorney Kathleen A. Wagner and/or Wagner Law Offices, S.C. related to the above-captioned matter will be payable by Class Counsel from Class Counsel's Fees and Costs.

23. The Court approves the award of service payments to Plaintiff Maurice James Sjoblom, to be provided to him in consideration for his executing the Full and Complete Settlement Agreement and Release attached as Exhibit 4 to the Settlement Agreement (Doc. # 350-2), in the amount of $112,010.00 as fair and reasonable based on applicable precedent from the United States Supreme Court and the Seventh Circuit Court of Appeals.

24. The Settlement Agreement is not an admission by Defendants nor is this Order and Final Judgment a finding of the validity of any claims in the above-captioned Collective and Class Action or of any wrongdoing by Defendants. Furthermore, the Settlement Agreement is not a concession by Defendants and shall not be used as an

Case: 3:07-cv-00451-bbc Document #: 392 Filed: 01/26/2009 Page 13 of 14

admission of any fault, omission or wrongdoing by Defendants. Neither this Order and/or the Final Judgment, the Settlement Agreement, any document referred to herein, any exhibit to any document referred to herein, any action taken to carry out the Settlement Agreement, nor any negotiations or proceedings related to the Settlement Agreement are to be construed as, or deemed to be evidence of, or an admission or concession with regard to, the denials or defenses of Defendants, and shall not be offered in evidence in any action or proceeding against the Parties hereto in any Court, administrative agency or other tribunal for any purpose whatsoever other than to enforce the provisions of this Order. This Final Order, the Final Judgment, the Settlement Agreement and exhibits thereto, and any other papers and records on file in the Class Action may be filed in this Court or in any other litigation as evidence of the settlement by Defendants to support a defense of *res judicata*, collateral estoppel, release, or other theory of claim or issue preclusion or similar defense as to the released and settled claims covered by this Order.

25. Neither the terms of this Settlement Agreement nor the Settlement Proceeds paid to Named Plaintiff Maurice James Sjoblom or any Authorized Claimants shall have any effect on the eligibility or calculation of employee benefits of the Named Plaintiff Maurice James Sjoblom or Authorized Claimants. The Parties agree that any Settlement Proceeds paid to Authorized Claimants under the terms of this Settlement Agreement do not represent any modification of any Authorized Claimants' previously credited hours or service or other eligibility criteria under any employee pension benefit plan, employee welfare benefit plan or other program or policy sponsored by Defendants.

Case: 3:07-cv-00451-bbc Document #: 392 Filed: 01/26/2009 Page 14 of 14

26. As provided by the Amended Stipulation and Protective Order for Disclosure of Confidential Information entered by the Court on April 25, 2008 (Doc. # 278) ("Confidential Information Protective Order"), all "Confidential Information" as defined in the Confidential Information Protective Order shall be returned by the Receiving Party to the Producing Party, or at the Producing Party's option, shall be destroyed by the Receiving Party and the Receiving Party shall certify to the Producing Party that all Confidential Information has been returned or destroyed within sixty (60) days after the termination of the above-captioned matter, including all appeals, unless the parties otherwise agree in writing.

27. The parties shall make donations to charity consistent with the terms of the Settlement Agreement.

28. The above-captioned Collective and Class Action is hereby dismissed with prejudice, provided however, and without affecting the finality of this Order in any way, this Court will retain continuing jurisdiction over: (a) interpretation, implementation and enforcement of the settlement; and (b) enforcement and administration of the Settlement Agreement.

29. The hearing previously scheduled for February 13, 2009 will remain on the Court's calendar. After said hearing this Court may make such orders as are appropriate, including amending the Final Order and Judgment.

Entered this 26th day of January, 2009.

BY THE COURT:

Barbara B. Crabb

Barbara B. Crabb
District Court Judge